NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | No. 09-36016 |
| Plaintiff - Appellee, | D.C. No. 2:00-cv-00823-JCC |
| MICHAEL D. MCKAY, | MEMORANDUM* |
| Receiver - Appellee., | |
| v. | |
| BARON JOHN KUIPERS; et al., | |
| Claimants - Appellants, | |
| v. | |
| JOHN WAYNE ZIDAR, | |
| Defendant. | |

Appeal from the United States District Court
for the Western District of Washington
John C. Coughenour, District Judge, Presiding

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted August 30, 2010[**]
Seattle, Washington

Before: HAWKINS, McKEOWN and BEA, Circuit Judges.

Arising out of a receivership resulting from a Securities and Exchange Commission ("SEC") action against John Wayne Zidar ("Zidar") after Zidar was convicted of investment fraud, claimants appeal the grant of Receiver Michael McKay's ("Receiver") motion for approval of supplemental distribution of the petition for fees. We largely affirm, but remand for the district court to consider the claims of Claimants Lynette D'Mello, Elizabeth Dobis, Tom Linardos, and Hugh McLeod, (collectively "the Investors").

### Late Claims

The Investors claim abuse of discretion in the denial of their claims for receivership assets. The original deadline for filing objections to the Receiver's proposed distribution plan and preserving claims was August 2, 2004, a deadline subsequently extended to September 29, 2004. The Investors filed their claims after the original deadline, but before the extended deadline. At the district court's direction, the Receiver considered the Investors' showing of good cause for the timing of the filing of these claims. The Receiver found good cause for late filings by two

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

2

of the Investors, found it difficult to make such a determination as to another, and made no recommendation as to one other. The district court later rejected all these claims without any explanation or reference to the Receiver's recommendations.

While our review of a district court's disallowance of a late claim is narrow in scope, we have remanded where we simply could not conclude that there was no abuse of discretion when no grounds were provided for disallowance. *See Silber v. Mabon*, 18 F.3d 1449, 1455 (9th Cir. 1994).

Here, the denial states only that it "rejects the petitions filed by the following individuals." There is no acknowledgment or rejection of the Receiver's recommendation as to good cause and no discussion of why claims actually filed within the final, extended deadline were deemed untimely. We intend no criticism of the district court – we simply do not have enough information to determine whether its fairly broad discretion was exercised appropriately here. Accordingly, we remand to the district court to evaluate whether the Investors filed timely claims and, if they did not, whether they had good cause for any untimely filing. Should the district court conclude the claims were timely filed or good cause existed for late filing, it should proceed to evaluate the Receiver's recommendations as to the merits of those claims. We express no view on either point.

***Third Party Investment Claims and Motion for Reconsideration***

Investor Baron Kuipers ("Kuipers") made claims for distribution on behalf of third party investors Brent Brooks, Margo Shum, Ken Neal, and Beverly Wilson (collectively "Third Party Investors"). The Third Party Investors made investments through Kuipers's corporation, Universal Synergy ("Universal"). The Receiver recommended denial of these claims because: (1) the investment payments were made by Universal on behalf of other investors, and were not made on behalf of Universal itself; and (2) the claimed loss total for the three claims did not match the account balance Kuipers claimed on his questionnaire.

A decision to defer to the expertise of a receiver does not automatically constitute an abuse of discretion, especially given the deference accorded for the supervision of a receivership. *See SEC v. Hardy*, 803 F.2d 1034, 1038 (9th Cir. 1986). Here, there is no evidence that the court acted arbitrarily. Further, these Investors were given an opportunity to show why a hearing on their claims was necessary, but ultimately agreed with the Receiver that it was not. The district court was thus well within its discretion to use summary proceedings to determine appropriate relief rather than plenary proceedings. *See id*. at 1040.

These Investors also claim error in the denial of their motion for reconsideration because the district court failed to address the merits of their arguments and instead relied on Western District of Washington Local Rule CR 7(h) ("Local Rule 7(h)").

They argue that Local Rule 7(h) did not apply because they were not appealing a final order, and Local Rule 7(h) codifies the requirements for a Federal Rule of Civil Procedure 59(e) ("Rule 59(e)") motion, which explicitly applies only to final judgments.

While Rule 59(e) applies only to final judgments, Local Rule 7(h) does not clearly track the language of Rule 59(e), and does not obligate us to interpret it under the parameters of Rule 59(e). Rather, the Local Rule appears to track the language of Federal Rule of Civil Procedure 7, which covers motions and pleadings more generally, and does not limit its application to final judgments. *Compare* Fed. R. Civ. P. 7 *with* Local Rule 7(h). Because Local Rule 7(h) does not apply solely to final judgments, the order's lack of finality did not preclude application of Local Rule 7(h) to bar the motion for reconsideration.

We note these Investors also filed their motion well beyond the 14-day period following the original order allowed under Local Rule 7(h). There was therefore no abuse of discretion in denying the motion for reconsideration. We need not analyze its merits.

### *Reduction of Kuipers's Monetary Distribution*

Kuipers argues that the district court abused its discretion by approving the Receiver's recommendation to reduce Kuipers's pro rata monetary distribution by

$30,045. The Receiver made this recommendation after receiving information from the U.S. Attorney that Kuipers had not disclosed receipt of payment in that amount from one criminal defendant.

Kuipers argues that the district court erred because the Receiver failed to meet the manifest error burden under Local Rule 7(h), or the Federal Rule of Civil Procedure 60(b)(2) ("Rule 60(b)(2)") burden of a party seeking relief from a judgment on the basis of newly discovered evidence. *See* Fed. R. Civ. P. 60(b)(2); Local Rule 7(h).

Because granting the Receiver's motion to amend was entirely discretionary and well within the court's authority, there was no abuse of discretion.

***Denial of Robsons' Motion for Reconsideration***

Claimants William and Evleen Robson ("Robsons") challenge the denial of their objection to the court's February 8, 2005 order approving the Receiver's distribution plan in full. The Receiver had not approved one of the Robsons' investment claims because the Robsons failed to provide proof of purchase documenting their investment. On motion for reconsideration, the Robsons claimed to have obtained confirmation from Suisse Security Bank & Trust ("SSB&T") that they transferred funds to member representatives for investment. In response, the Receiver claimed that the SSB&T documentation was merely a letter expressing intent

6

to invest, rather than a wire transfer form that affirmatively evidenced completion of the investment. The district court found the document proffered by the Robsons insufficient to support a finding that the investment transfer occurred. It also noted that the Robsons' motion, filed more than two months after the court's February 14, 2005 order, was untimely.

The Robsons' motion for reconsideration was plainly untimely under Local Rule 7(h)(2), which requires that a "motion shall be filed within fourteen days after the order to which it relates is filed." Further, motions for reconsideration are disfavored under Local Rule 7(h), and "[t]he court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." Local Rule 7(h)(1). The district court did not abuse its discretion in finding an inadequate "showing of new facts or legal authority." *Id*. The record supports the district court's conclusion that the letter itself lacked reference to a wire transfer or an explanation from SSB&T confirming the occurrence of a completed investment transaction. Without such information, the district court was well within its discretion in concluding that the letter could not serve as sufficient proof of a transfer of funds.

Nor could the Robsons' motion have been treated as a timely Rule 60(b)(2) motion. They were not appealing a final order, and as such, Rule 60(b)(2) does not apply. *See* Fed. R. Civ. P. 60(b)(2).

AFFIRMED in part and REMANDED in part. Each party to bear its own costs on appeal.